IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY L. DOWDY, | No. C 08-4684 WHA (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| BEN CURRY, Warden, | |
| Respondent. | |

This is a habeas case filed pro se by a state prisoner. Petitioner alleged in his petition that he did not file a petition for review in the California Supreme Court after the California Court of Appeal affirmed his conviction, and that the only state habeas petition he had filed was in superior court. It thus appeared that he had not presented his claims to the highest state court available, the California Supreme Court. The court ordered him to show cause why this case should not be dismissed for failure to exhaust. He has responded.

Petitioner concedes that the did not present his claims to the supreme court. He asserts, however, that this should be excused because at the time he should have filed a petition for review he was suffering from psychosis and because petitions for review are rarely granted.

Petitioner's argument that he should not have had to file a petition for review because of the bad odds of its being granted is without merit. The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established

1  appellate review process."). And that he suffered from psychosis at the time of direct review
2  does not explain why his lawyer could not have filed a petition for review for him, nor does it
3  explain why he has not exhausted by way of a habeas petition in the California Supreme Court.

4  Petitioner does contend that any "belated" attempt to present the issues to the California
5  Supreme Court would be procedurally barred. It is not clear if this statement refers to an
6  untimely petition for review or a state habeas petition. If all means of presenting the claims to
7  the California Supreme Court were procedurally barred, they indeed would be exhausted, *see*
8  *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc), but his petition also
9  would be procedurally barred in this court and would have to be dismissed. *See Casey v.*
10 *Moore*, 386 F.3d 896, 919 (9th Cir. 2004) (petitioner's claims not presented to state courts; if
11 independent and adequate state procedural rule bars review, claims are procedurally barred in
12 federal court). In any case, it is not clear that a state petition would be procedurally barred,
13 because if petitioner were to file a state habeas petition in the California Supreme Court, that
14 court might find that his mental illness constituted justification for any untimeliness, *see In re*
15 *Swain*, 34 Cal. 2d 300, 302 (1949) (petition is untimely if unreasonably delayed and delay is not
16 justified). Petitioner thus has not established exhaustion by showing that no state remedy
17 remains available to him.

18 Petitioner has not exhausted his claims in state court, and has not shown good cause to
19 the excuse the failure. The petition is **DISMISSED**. The clerk shall close the file.

20 **IT IS SO ORDERED.**
21 Dated: December   5  , 2008.
                                                  WILLIAM ALSUP
22                                                UNITED STATES DISTRICT JUDGE

28 G:\PRO-SE\WHA\HC.08\DOWDY4684.DSM-EXH.wpd